ADISHIAN LAW GROUP, P.C.
Christopher M. Adishian, Esq. (SBN 172511)
Patricia E. Parker, Esq. (SBN 92981)
Pacific Corporate Towers
222 N. Sepulveda Blvd., Ste. 2000
El Segundo, CA 90245

Attorneys for Plaintiff
ERIC SUTTON

MANATT, PHELPS & PHILLIPS, LLP
Rebecca Torrey (SBN 153866)
RTorrey@Manatt.com
11355 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

Cherise S. Latortue (SBN 274041)
CLatortue@manatt.com
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Telephone:  (714) 371-2500
Facsimile:  (714) 371-2550

Attorneys for Defendant
WAL-MART STORES, INC.

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC SUTTON,<br><br>         Plaintiff,<br><br>    vs.<br><br>WAL-MART STORES, INC. and DOES 1-50, Inclusive<br><br>         Defendants. | CASE NO:  2:14-CV-9531-SVW-JPR<br><br>**STIPULATED PROTECTIVE ORDER** |

The dispute in this action involves allegations of race and age discrimination, ultimately involving the discovery of information relating to private information of Plaintiff, Eric Sutton, and confidential business practices of Defendant, Wal-Mart Stores, Inc.  During the course of this litigation, highly confidential and proprietary information will need to be shared through discovery or otherwise between the parties and the Court.  So that both parties can continue to protect their proprietary and private information related to the defendant not generally known to the public, and personal information as to the plaintiff, the parties propose this Stipulation.

This Stipulation governs the covenant of plaintiff Eric Sutton ("Plaintiff") and defendant Wal-Mart Stores ("Defendant"), (collectively, "Parties").  Plaintiff on the one hand, and Defendant on the other hand by and through their respective counsel, hereby stipulate and agree that any documents, information, testimony or transcripts ("Material") deemed by any Party or by any person or entity that is not a party to this action ("Third-Party") to be confidential, proprietary, trade secret and/or subject to a right of privacy ("Confidential Information"), shall be designated and protected according to the following terms and conditions:

## I.   DESIGNATING PROTECTED MATERIAL

Any Party or Third-Party may determine in good faith whether any Material should be designated as "CONFIDENTIAL" ("Designating Party").  However, such good faith belief must be based on the fact that such information has not been made public and the Designating Party must have a good faith belief that if such information is disclosed it will have the effect of causing harm to a Party's competitive position or otherwise impinge upon a Party's right to privacy.

Parties and Third-Parties shall also have the right to designate as "CONFIDENTIAL" Material produced, served or provided by other Parties or Third-Parties, in which case the Designating Party shall notify the other Parties and/or Third-Parties of the Material that should be treated as "CONFIDENTIAL"

pursuant to this Stipulated Protective Order.  Any Material, or any part thereof, designated as "CONFIDENTIAL" shall be used only for the preparation and trial of this action, including discovery, pre-trial proceedings, trial, appellate proceedings and petitions for reconsideration and/or review, and shall not be used for any business, commercial or other purpose.  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, any Material that a Party or Third-Party deems "CONFIDENTIAL" must be clearly so designated. Designation in conformity with this Stipulated Protective Order requires the following:

1. For Material in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party producing the documents shall affix the legend "CONFIDENTIAL" at the top or bottom or by watermarking of each page of a document that contains Confidential Information. If, after production, a Party or Third-Party designates as "CONFIDENTIAL" documents not previously designated, then any Party in possession of such documents shall designate the documents as such in accordance with this Stipulated Protective Order.

2. For testimony given in deposition, the Designating Party shall identify either (a) on the record before the close of the deposition, or (b) within 20 days after receiving the transcript of such deposition, all portions of the testimony that it wants to designate as "CONFIDENTIAL." Only those portions of the testimony that are designated for protection during the deposition, or within the 20 days after receipt of the transcript of such testimony, shall be covered by the provisions of this Stipulated Protective Order. The court reporter shall affix to the top or bottom of each page of a transcript containing Confidential Information the legend "CONFIDENTIAL" as instructed by a Designating Party's instructions.  For testimony given in pretrial, trial proceedings, or any such court proceedings, the

Parties will address any Confidential Information with the judicial officer conducting the proceeding at the time of any such proceeding.

3. For any Material produced in other than documentary form and for any other tangible items, the Designating Party producing such Material or tangible item shall affix in a prominent place on the exterior of the container or containers in which the material or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions. If, after production, a Party or Third-Party designates as "CONFIDENTIAL" any non-documentary Material or tangible item not previously designated, then any Party in possession of such Material or tangible item shall designate it as such in accordance with this Stipulated Protective Order.

**II. DEFINITION OF CONFIDENTIAL INFORMATION**

Confidential Information shall include the following:

1. Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures or training materials of Defendant; or Defendant's organizational structure;

2. Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

3. Any documents relating to the medical or health information of any of Defendant's current or former employees or contractors;

4. Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

//
//

## III. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

1. Subject to paragraph 2 below, all Material designated as "CONFIDENTIAL" may be disclosed only to:

   a. Outside counsel for a Party and in-house counsel for Defendant responsible for overseeing this action, as well as their employees and other persons or entities retained by such counsel to provide litigation-related services;

   b. Experts, consultants and other independent contractors retained or employed to consult with, advise or assist counsel for a Party in the preparation or trial of this case, as well as their employees;

   c. The Parties to this action and their current directors, officers and employees;

   d. Witnesses who are being prepared by counsel to give testimony at a deposition or at trial, or who are being examined by counsel at a deposition or at trial; and

   e. Personnel employed by the United States District Court for the Central District of California, appellate court justices, court reporters, clerks and administrative support personnel.

2. Parties shall take appropriate measures to ensure that all persons permitted access to Material designated as "CONFIDENTIAL" under paragraph 1 (b), (c) or (d) of this Stipulated Protective Order have agreed, prior to reviewing any such Confidential Information, to be bound by the terms and conditions hereof with respect to the restricted disclosure and use of such Confidential Information. Prior to receiving any Confidential Information, those persons shall sign a copy of the statement attached hereto as Exhibit A, agreeing to be bound by the terms of this Stipulated Protective Order and submitting to the jurisdiction of the United States District Court for the Central District of California , to enforce this Stipulated

Protective Order. The Party who obtains any such signed statements shall retain possession of the statements and shall provide a copy of the statements at the written request of another Party. However, under no circumstances shall any Party be required to disclose the identity or existence of any expert, consultant or witness until otherwise required to do so by law or order of the United States District Court for the Central District of California.

## IV. CHALLENGING CONFIDENTIALITY DESIGNATIONS

If, at any time during the pendency of this action, counsel for any Party wishes to challenge a Designating Party's designation of Material as containing Confidential Information, and to exclude such Material from the provisions of this Stipulated Protective Order, the Party shall follow the procedures for seeking judicial intervention for discovery disputes, as set forth in Local Rule 37. The Parties shall also first meet and confer in a good faith effort to resolve informally any disputes concerning this Stipulated Protective Order before seeking judicial intervention.

## V. INADVERTENT OR UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

Pursuant to Federal Rules of Evidence ("FRE") 502 (d) and (e), the Parties agree to, and the Court orders, protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

1. The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

2. The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other

protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

    3.    If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

    a. The Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

    b. If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of

7

STIPULATED PROTECTIVE ORDER

receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

4. If, during the course of this litigation, a party determines it has produced a Protected Document:

    a. The Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of

privilege or other protection.

    b. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

5. To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 3(b) and 4(a), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

6. The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

    a. The disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    b. The disclosure of the Protected Documents was not inadvertent;

    c. The Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA

d. The Producing Party failed to take reasonable or timely steps to rectify the error.

7. Either party may submit Protected Documents to the Court for filing under seal pursuant to Local Rule 79-5 for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

8. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

9. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness or the segregation of privileged or protected information before such information is produced to another party.

10. By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

## VI. MAINTENANCE AND FILING OF CONFIDENTIAL INFORMATION

1. All Material designated as "CONFIDENTIAL" shall be kept in secure facilities. A "secure facility" is a place where access is restricted to only to those designated persons set forth in paragraphs B(1)(a) and (b) of this Stipulated Protective Order. Such requirement is not applicable to the Court.

2. Any information, including, but not limited to, documents, interrogatory responses and depositions designated as containing Confidential Information, where submitted to the Court with a pleading or as evidence, shall be delivered to the Court for filing under seal and not be available for public inspection absent court order. Counsel for the respective Parties shall place any documents to be submitted to the Court in an envelope marked "SEALED," affix a copy of this Stipulated Protective Order to the documents, and deliver the documents directly to the clerk. The Parties further agree that any Confidential Information filed under seal shall be accompanied by an application pursuant to Local Rule 79-5.1, to file such Confidential Information under seal. The application shall be directed to the judge to whom the Confidential Information is directed. Pending a judicial ruling on the application, the Confidential Information subject to the sealing application shall be lodged under seal.

3. Documents or other information designated as containing Confidential Information pursuant to this Stipulated Protective Order shall become public absent a separate Court order upon written motion and sufficient cause shown.

4. Nothing in this Stipulation requires the Court to automatically grant a request to file documents labeled "CONFIDENTIAL" under seal.

## VII. CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1. The terms of this Stipulated Protective Order shall apply to all manner and means of discovery, including subpoenas *duces tecum*.

2. In the event that a Party is served with a subpoena that seeks to compel the production of Material designated as "CONFIDENTIAL," the Party upon whom the subpoena is served shall give written notice of the subpoena to the Designating Party at least seven (7) calendar days before the production date (or, if the subpoena provides less than seven (7) days' notice, within one (1) business day

after service of the subpoena). The Designating Party may then file a petition or motion to quash the subpoena and/or obtain such other relief as will protect the confidential nature of the documents. If the Designating Party files such a petition before the production date specified in the subpoena, the Party upon whom the subpoena is served shall not produce the requested documents until after the United States District Court for the Central District of California or appropriate court has ruled on the petition or motion.

## VIII. FINAL DISPOSITION

Within thirty (30) days after the final termination of this action, counsel for each Party shall destroy any and all Material designated as "CONFIDENTIAL" and shall destroy all copies, digests or summaries which have been made of, or prepared from, such Confidential Information, and shall provide counsel for the Party or Third-Party who produced such Material (upon request) with a declaration under penalty of perjury attesting to such return and/or destruction. For purposes of this Stipulated Protective Order, the term "final termination" shall refer to the time after any final order or award is entered in this action, with no timely petition for reconsideration or petition for review having been filed, or, if any such petition is filed, after a final decision is rendered by the United States District Court for the Central District Court of California or any appellate court with no further petition or appeal pending or possible.

## IX. MISCELLANEOUS

1. Subject to the Provision of Paragraph VI(2), above, nothing in this Stipulated Protective Order shall be construed to relieve any Party from the obligation to timely respond to a discovery request, nor shall this Stipulated Protective Order be construed as a waiver of the right to assert any objection to a discovery request.

1  2. This Stipulated Protective Order is intended to regulate the production
2  and dissemination of Confidential Information during the entirety of this action, and
3  thereafter shall remain in full force and effect, unless and until modified,
4  superseded or terminated by written agreement of all Parties or by order of the
5  United States District Court for the Central District of California.  This Stipulated
6  Protective Order shall become effective as among the Parties when executed by all
7  Parties, with or without the District Court's entry of the order.  The United States
8  District Court for the Central District of California shall retain jurisdiction to
9  enforce the provisions of this Stipulated Protective Order and to enter amendments,
10 modifications and additions to this Stipulated Protective Order as the United States
11 District Court for the Central District of California  may from time to time deem
12 appropriate upon noticed motion of a Party or upon the United States District Court
13 for the Central District of California's  own motion upon notice to the parties.

15  4. Nothing in this Stipulation shall be construed as improperly limiting
16 the rights of third parties involved in other actions to conduct discovery or to limit
17 the subpoena power of another court unless a Court grants a properly noticed
18 motion for protective order in such other proceedings.

20 SO STIPULATED:

| | |
|---|---|
| Dated: February 23, 2015 | MANATT, PHELPS & PHILLIPS, LLP |
| | By: _____/s/_____<br>  Rebecca Torrey<br>  Cherise S. Latortue<br>  *Attorneys for Defendant*<br>  WAL-MART STORES, INC. |
| Dated: February 23, 2015 | ADISHIAN LAW GROUP, P.C. |
| | By: _____/s/_____<br>  Christopher M. Adishian<br>  Patricia E. Parker _____<br>  *Attorneys for Plaintiff*<br>  ERIC SUTTON |

**IT IS HEREBY ORDERED** that the Joint Stipulation is entered as an Order of the Court.

**IT IS SO ORDERED.**

Dated: February 23, 2015    _____/s/ Jean Rosenbluth_____

Honorable Judge Jean P. Rosenbluth
Magistrate Judge of the United States District Court
Central District of California

# EXHIBIT "A"

I, _____, have received and reviewed a copy of the Stipulated Protective Order entered in the case entitled *Eric Sutton v. Wal-Mart Stores, Inc.*, 2:14-cv-9531-SVW-JPR pending in the United States District Court for the Central District of California ("USCD") and am familiar with its terms. I agree to comply with the terms and conditions of the Stipulated Protective Order unless and until I am notified that it has been modified or vacated by the Court, at which time I will comply with such further order. I further consent and submit to the jurisdiction of the USCD for the purpose of enforcing the Stipulated Protective Order, if necessary.

DATED: _____      _____